JaIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES D. CALVELAGE <br> 2851 Dogleg Road <br> Elida, OH 45807 <br><br> and <br><br> DAVETTE CALVELAGE <br> 2851 Dogleg Road <br> Elida, OH 45807 <br><br> Plaintiffs. <br><br> vs. <br><br> ONTIME EXPRESS, LLC <br> c/o Nafisa Orzieva <br> 10432 Balls Ford Road, Suite 338 <br> Manassas, VA 20109 <br><br> and <br><br> USAS TRANSPORTATION, LLC A/K/A <br> USAS TRANS, LLC <br> c/o Ozod Haydarov <br> 600 Red Lion Road P-6 <br> Philadelphia, PA 19115 <br><br> and <br><br> ALISHER SHAMSIEV <br> 1002 Ditmas Avenue, 3G <br> Brooklyn, NY 11218 <br><br> Defendants. | CASE NO.: <br><br> JUDGE: <br><br> **COMPLAINT** |

Now come Plaintiffs, James D. Calvelage and Davette Calvelage, by and through undersigned counsel and for Plaintiffs' Complaint against the above-captioned Defendants state and aver the following:

1

## PARTIES

1. At all times relevant, Plaintiffs, James D. Calvelage and Davette Calvelage, were and are residents of Allen County, Ohio.

2. At all times relevant, Plaintiffs James and Davette Calvelage were and are legally married.

3. At all times relevant, Defendant OnTime Express, LLC (hereafter referred to as "OnTime") was and is a for-profit limited liability company organized under the laws of the State of Virginia. OnTime maintains its principal place of business in Prince William County, Virginia.

4. At all times relevant, Defendant USAS Transportation, LLC (hereafter referred to an "USAS") was and is a for-profit limited liability company organized under the laws of the State of Pennsylvania. USAS maintains its principal place of business in Philadelphia County, Pennsylvania.

5. At all times relevant, Defendant Alisher Shamsiev (hereafter "Shamsiev") was and is a resident of Kings County, New York.

6. At all times relevant, Shamsiev was an employee of OnTime and USAS, acting in the course and scope of his employment. Therefore, OnTime and USAS are vicariously liable for the conduct of Shamsiev as described in this Complaint.

## JURISDICTION, AND VENUE

7. Jurisdiction in this matter is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional minimum.

8. Plaintiffs seek damages in excess of the jurisdictional minimum of $75,000.

9. Venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claim asserted herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

10. On February 2, 2022, Plaintiff James Calvelage was driving a tractor trailer in New Haven, Indiana, heading southbound on Doyle Road.

11. Defendant Alisher Shamsiev was driving a tractor trailer owned by USAS, travelling westbound on US Route 30. Defendant Shamsiev was employed by OnTime and USAS and was acting within the course and scope of his employment with said Defendants.

12. At approximately 11:38 A.M., Plaintiff was at the intersection of Doyle Road and US Route 30, which is controlled by a traffic signal. Plaintiff had the green light and proceeded to cross US 30 to continue south on Doyle Road.

13. The speed limit on US 30 was 45 miles per hour.

14. As Plaintiff crossed over US 30, Defendant Alisher Shamsiev, traveling westbound on US 30 at approximately 55 miles per hour, ran the red light at the intersection with Doyle Road, and crashed his tractor trailer into the driver's side of the cab of Plaintiff's truck at full speed.

15. At the time of the crash, Plaintiff was wearing his seatbelt and had the right of way to cross US 30.

16. As a result of the crash, Plaintiff was ejected from his tractor trailer and suffered catastrophic injuries.

17. Following the crash, Shamsiev claimed to police that his brakes were not working properly. On information and belief, Shamsiev, USAS, and OnTime failed to use reasonable care

in inspecting, maintaining, and repairing the tractor trailer Shamsiev was driving at the time of the crash, as they were required by law to do.

18.     Furthermore, at the time of the crash, Shamsiev was driving his tractor trailer at an excessive speed while distracted. Such conduct is grossly negligent, reckless, willful, and wanton, and demonstrates Shamsiev's conscious disregard for the rights and safety of others on the road, such as Plaintiff.

19.     As a direct and proximate result of the Defendants' negligence, recklessness, willful and wanton conduct, and conscious disregard as alleged in this Complaint, Plaintiff James Calvelage sustained serious bodily injury and endured great pain, suffering, mental anguish, and emotional distress, including, but not limited to, a moderate traumatic brain injury, intra-cerebral hemorrhage, multiple facial fractures, left clavicle fracture, traumatic pneumothorax, and multiple rib fractures.

## FIRST CLAIM FOR RELIEF
### Common Law Negligence Against All Defendants

20.     Plaintiffs incorporate by reference each preceding paragraph as if set forth fully herein.

21.     At all times relevant hereto, Shamsiev was an employee of OnTime and USAS and acting in the course and scope of his employment with said Defendants. OnTime and USAS are therefore responsible for Shamsiev's conduct under the doctrine of respondeat superior.

22.     Shamsiev, OnTime, and USAS had a duty to use reasonable care in the inspection, maintenance, and repair of the tractor trailer that Shamsiev was driving at the time of the crash.

23.     At all times relevant hereto, Shamsiev, OnTime, and USAS owed Plaintiff James Calvelage a duty of reasonable care.

24. Shamsiev breached the duty of reasonable care he owed to Plaintiff James Calvelage by failing to keep an assured clear distance, failing to obey the traffic signal, failing to yield the right of way, and by recklessly, willfully, and wantonly driving at an excessive speed for the conditions, and by driving while distracted.

25. Shamsiev breached the duty of reasonable care he owed Plaintiff James Calvelage when he crashed his tractor trailer into Plaintiff's tractor trailer.

26. Shamsiev, OnTime, and USAS breached the duty of reasonable care they owed to Plaintiff James Calvelage by failing to inspect, maintain, and repair the tractor trailer that Shamsiev was driving at the time of the crash, as required under the law.

27. As a direct and proximate result of the Defendant's negligence, recklessness, willful and wanton conduct, and conscious disregard as alleged in this Complaint, Plaintiff James Calvelage sustained serious bodily injury and endured great pain, suffering, mental anguish, and emotional distress.

28. As a further direct and proximate result of the Defendant's negligence, recklessness, willful and wanton conduct, and conscious disregard as alleged in this Complaint, Plaintiff James Calvelage suffered general and special damages, including, but not limited to, past and future medical expenses, loss of earnings, and loss of future earning capacity.

29. As a further direct and proximate result of the acts and omissions described herein, Plaintiff James Calvelage is entitled to recover damages in amounts determined by a jury, but in excess of the jurisdictional minimum.

30. As a further direct and proximate result of the acts and omissions described herein, Plaintiff James Calvelage is entitled to recover, and so claims recovery for, punitive damages in an amount to be determined by a jury.

**WHEREFORE,** Plaintiff James Calvelage prays for judgment in excess of $75,000 against Defendants OnTime, USAS, and Shamsiev, jointly and severally for:

a. Compensatory damages, including general and special damages, legal fees, and costs, in an amount that will fully and fairly compensate Plaintiff James Calvelage for the harms and losses he suffered as a result of the Defendants' negligence and recklessness;

b. Punitive damages;

c. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

d. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

## SECOND CLAIM FOR RELIEF
### Loss of Consortium Against All Defendants

31. Plaintiffs incorporate by reference all preceding paragraphs as if set forth fully herein.

32. Plaintiff Davette Calvelage brings this derivative claim for loss of consortium.

33. Plaintiff Davette Calvelage is, and was at all times relevant, the wife of Plaintiff James Calvelage.

34. 40. As a direct and proximate result of the wrongful conduct of the Defendants as described herein, Plaintiff Davette Calvelage has suffered a permanent loss of her husband's love, services, support, and consortium.

**WHEREFORE,** Plaintiff Davette Calvelage prays for judgment in excess of $75,000 against Defendants OnTime, USAS, and Shamsiev, jointly and severally for:

    a. Compensatory damages, including general and special damages, loss of consortium, services, companionship, and affection, legal fees, and costs, in an amount that will fully and fairly compensate Plaintiff Davette Calvelage for the harms and losses she suffered as a result of the Defendants' negligence and recklessness;

    b. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    c. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

***TRIAL BY JURY IS HEREBY REQUESTED.***

    */s/Michael P. Lewis*
    Dennis R. Lansdowne (Ohio Bar No. 0026036)
    Michael P. Lewis (Ohio Bar No. 0099621)
    Spangenberg Shibley & Liber, LLP
    1001 Lakeside Avenue, East, Suite 1700
    Cleveland, OH 44114
    Phone | (216) 696-3232
    Fax | (216) 696-3924
    Email: dlansdowne@spanglaw.com
    Email: mlewis@spanglaw.com