UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JAMES D. CALVELAGE,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:23-cv-00352-HAB-SLC |
| | ) |
| **ONTIME EXPRESS, LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs James D. Calvelage and Davette Calvelage filed the complaint in this case on August 18, 2023, alleging diversity under 28 U.S.C. § 1332 as the basis for this Court's jurisdiction. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Here, Plaintiffs' allegations in the complaint pertaining to citizenship are wholly deficient.

To explain, Plaintiffs allege that they "are residents of . . . Ohio" (ECF 1 ¶ 1), and that the individual Defendant, Alisher Shamsiev, "is a resident of . . . New York" (*id.* ¶ 5). "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). The Court must be informed of Plaintiffs' and the individual Defendant's domiciles.

Plaintiffs further allege that Defendant OnTime Express, LLC, "is a . . . limited liability company organized under the laws of the State of Virginia" that "maintains its principal place of

business in . . . Virginia." (ECF 1 ¶ 3). Similarly, Plaintiffs allege that Defendant USAS Transportation, LLC, "is a . . . limited liability company organized under the laws of the State of Pennsylvania" that "maintains its principal place of business in . . . Pennsylvania." (*Id.* ¶ 4). This information is irrelevant for purposes of determining whether diversity jurisdiction exists, as the citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be informed of the citizenship of each member of these two LLCs.

In that regard, a "naked declaration that there is diversity of citizenship [as to the members] is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. *See, e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for diversity jurisdiction purposes). In turn, for any member who is an unincorporated association such as an LLC or partnership, Plaintiffs must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiffs. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).[1]

As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). They have not yet done so.

---

[1] Further, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Therefore, Plaintiffs are AFFORDED to and including September 25, 2023, to FILE a supplemental jurisdictional statement that adequately alleges all the parties' citizenships for diversity jurisdiction purposes.

An additional note, each party appearing in this case is required to file a disclosure statement in accordance with Federal Rule of Civil Procedure 7.1(a)(2). Accordingly, Plaintiffs are ORDERED to FILE their disclosure statements on or before September 25, 2023, as well.

SO ORDERED.

Entered this 11th day of September 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge