UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JAMES D. CALVELAGE**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:23-cv-00352-HAB-SLC |
| | ) |
| **ONTIME EXPRESS, LLC**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On September 11, 2023, the Court ordered Plaintiffs to file a supplemental jurisdictional statement in an effort to establish diversity jurisdiction. (ECF 3). Plaintiffs timely filed the statement, but failed to remedy all of the deficiencies identified in the Court's Order. (ECF 7). The Court then ordered Plaintiffs to file an amended jurisdictional statement on or before October 2, 2023, and Plaintiffs did so. (ECF 8, 11).

Plaintiffs' amended jurisdictional statement, however, is still deficient. The problems stem from Plaintiffs' allegations about the citizenship of each Defendant limited liability company (LLC).[1] Plaintiffs allege: "The members of Defendant USAS Transportation , LLC a/k/a USAS Trans, LLC are citizens of the State of Pennsylvania. On information and belief, no members of said Defendant are citizens of the State of Ohio." (ECF 11 ¶ 2). Similarly, Plaintiffs also allege: "The members of Defendant OnTime Express, LLC are citizens of the State of Virginia. On information and belief, no members of said Defendant are citizens of the State of Ohio." (*Id.* ¶ 3).

---

[1] Plaintiffs incorrectly refer to an LLC as a "limited liability *corporation*" in both of their supplemental jurisdictional statements. (ECF 7 ¶¶ 2, 3 (emphasis added); ECF 11 ¶¶ 2, 3 (emphasis added)).

"[A] naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court must be advised of the *identity* and citizenship of each member of an LLC for purposes of determining whether diversity jurisdiction exists. *See, e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for diversity jurisdiction purposes).[2] In turn, for any member who is an unincorporated association such as an LLC or partnership, Plaintiffs must trace the citizenship of the Defendant LLCs' members through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiffs. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). They still have not done so. Therefore, Plaintiffs are AFFORDED to and including October 18, 2023, to FILE a second

---

[2] An LLC's state of organization and the location of its principal place of business are irrelevant when determining an LLC's citizenship for purposes of diversity jurisdiction. *See ORG Portfolio Mgmt. LLC v. Urban Retail Props., LLC*, No. 08 C 80, 2008 WL 4324017, at *1 (N.D. Ill. Jan. 7, 2008).

amended supplemental jurisdictional statement that adequately alleges Defendants' citizenship(s) for diversity jurisdiction purposes.

    SO ORDERED.

    Entered this 4th day of October 2023.

                                        /s/ Susan Collins
                                        Susan Collins
                                        United States Magistrate Judge