UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
FORT WAYNE DIVISION

| | |
|---|---|
| **JAMES D. CALVELAGE,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Cause No. 1:23-cv-00352-HAB-SLC |
| | ) |
| **ONTIME EXPRESS, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiffs filed this diversity jurisdiction action against Defendants on September 18, 2023, advancing state law claims of negligence and loss of consortium as a result of a tractor-trailer accident on February 2, 2022. (ECF 1). On September 14, 2023, movant Great West Casualty Co. ("GWCC"), as subrogee of St. Mary's Trucking Company, Inc. ("St. Mary's"), filed a motion to intervene as a plaintiff in this suit, together with a proposed complaint in intervention. (ECF 4, 4-1). No party has opposed the motion, though Defendants have yet to appear in this matter.

Plaintiffs allege in this action that Defendant Alisher Shamsiev, an employee of Defendants OnTime Express, LLC, and USAS Transportation, LLC, ran a red light and crashed his tractor trailer into Plaintiff James Calvelage's ("Calvelage") tractor trailer, causing Calvelage serious bodily injury, pain, suffering, mental anguish, and emotional distress. (ECF 1 ¶¶ 11, 14, 19). In its motion to intervene, GWCC states that as the insurer of Calvelage's employer, St. Mary's, it paid to St. Mary's "the sum of $111,473.67 minus their $5,000 deductible" for damages to the tractor trailer that Calvelage was driving at the time of the accident. (ECF 4). As such, GWCC alleges that it has a claim against Defendants that "involves the same questions of law and fact that are involved in" Plaintiffs' complaint. (*Id.*).

GWCC appears to be seeking intervention permissively pursuant to Federal Rule of Civil Procedure 24(b), though the motion is silent as to what legal authority GWCC is proceeding under. "Permissive intervention is allowed under Rule 24(b), . . . upon timely application, when an applicant's claim or defense and the main action have a question of law or fact in common." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (citation and internal quotation marks omitted). "Permissive intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion." *Id*. (citation omitted). A party seeking to intervene under Rule 24(b)(2) must establish an independent basis for subject matter jurisdiction. *Pension Benefit Guar. Corp. v. Slater Steels Corp.*, 220 F.R.D. 339, 341 (N.D. Ind. 2004) (citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)).

Here, GWCC's claim and Plaintiffs' complaint have a question of law or fact in common, as GWCC also alleges that the negligence of Defendant Shamsiev caused the damages to the tractor trailer that Calvelage was driving on February 2, 2022, and that Defendants are liable for such damages. (*See* ECF 4-1 at 4). The motion is also timely, as GWCC moved to intervene just a month after Plaintiffs filed their complaint, and there is no indication that any party would be prejudiced by this brief delay. Indeed, no case management deadlines have yet been set in this case. *See Williams v. Am. Equip. & Fabricating, Corp.*, No. 09-1168, 2010 WL 1881998, at *3 (C.D. Ill. May 10, 2010) (finding a motion to intervene timely where it was filed prior to the deadlines to join parties and plenty of time remained within the discovery period).

However, as stated earlier, under Rule 24(b), GWCC must establish an independent basis for subject matter jurisdiction. *Pension Benefit Guar. Corp.*, 220 F.R.D. at 341. As to diversity jurisdiction, Plaintiffs are citizens of Ohio, and Defendants are citizens of Pennsylvania, Virginia, and New York. (ECF 14). GWCC is a citizen of Nebraska. (ECF 12). GWCC's motion,

however, is silent as to the citizenship of St. Mary's, its subrogor.

"If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949) (citation omitted). However, "[i]f it has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest." *Id.* "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor . . . ." *Cincinnati Ins. Co. v. Greene*, 1:10-cv-370-JMS-DML, 2012 WL 1802325, at *2 (S.D. Ind. May 17, 2012) (alterations in original) (citation omitted). Here, given that GWCC paid St. Mary's "the sum of $111,473.67 *minus their $5,000 deductible*" (ECF 4 (emphasis added); *see also* ECF 4-1 ¶¶ 13, 14), GWCC needs to also inform the Court of St. Mary's citizenship(s) for purposes of determining whether the complaint in intervention is consistent with the requirements for diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367(b).

Consequently, the Court TAKES the motion to intervene (ECF 4) UNDER ADVISEMENT. GWCC is afforded to and including November 3, 2023, to file a supplemental jurisdictional statement as to the citizenship of St. Mary's, its subrogor. If GWCC can establish that St. Mary's citizenship does not destroy diversity jurisdiction, the motion to intervene will be summarily granted.

SO ORDERED.

Entered this 23rd day of October 2023.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge